# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No.: 8:09-cr-424-T-33MAP

GENARO TORRES GONGORA

_____

**Order Regarding Prison-Term Reduction Under 18 U.S.C. § 3582(c)(2) Based on USSG Amend. 782**

This matter comes before the Court sua sponte in an effort to provide clarity in the record. On July 21, 2015, the United States Probation Office filed an Amendment 782 Memorandum indicating that the Defendant is ineligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on USSG Amend. 782, a retroactive guideline amendment, see USSG § 1B1.10(d) (2014). (Doc. # 176). Specifically, the Amendment 782 Memorandum indicates the Defendant is not eligible because the Drug Quantity Table remains at level 38. (Id.). Thereafter, on December 22, 2015, the Court denied Defendant's then-pending Motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). (Doc. # 183).

The Court further notes the Office of the Federal Defender has now filed a notice on February 1, 2016, indicating that it "cannot argue in good faith that Defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 782 of the United States

Sentencing Guidelines because Defendant exceeds the eligibility threshold due to the drug quantity and therefore the amendment does not have the effect of lowering Defendant's base offense level." (Doc. # 197 at ¶ 4). The Federal Defender has advised Defendant of its opinion and Defendant's right to proceed pro se. (Id. at ¶ 5).

Therefore, the Court does not grant a sentence reduction pursuant to Amendment 782. If circumstances warrant, the Court may revisit the matter.

Thus:

The Court does not grant a sentence reduction.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 2nd day of February, 2016.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE